# In the United States Court of Federal Claims

No. 15-1397C

(Filed Under Seal: February 4, 2016)

(Reissued for Publication: February 8, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DYNCORP INTERNATIONAL, LLC, | * |
| | * |
| Plaintiff, | * Bid Protest; Supplementing the |
| | * Administrative Record; Court's |
| v. | * Consideration of Expert Witness's |
| | * Report. |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*David M. Nadler*, with whom were *Adam Proujansky*, *David Y. Yang* and *Stephanie M. Zechmann*, Dickstein Shapiro LLP, Washington, D.C., for Plaintiff.

*Alexander V. Sverdlov*, with whom were *Benjamin C. Mizer*, Acting Assistant Attorney General, *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Beatrice Foster*, Chief, Commercial Law Division, Air Combat Command, U.S. Air Force, Of Counsel, for Defendant.

## PROCEDURAL ORDER[1]

WHEELER, Judge.

On November 18, 2015, Plaintiff DynCorp International, LLC ("DynCorp") filed a pre-award bid protest challenging the Air Force's decision to proceed with the War Reserve Material III ("WRM III") solicitation after the Air Force disclosed confidential and competitive information submitted by DynCorp, as the incumbent contractor, during the

---

[1] The Court issued this order under seal on February 4, 2016 and invited the parties to submit proposed redactions of any competitive-sensitive, proprietary, confidential, or other protected information on or before February 11, 2016. Counsel for both parties have informed the Court that they have no proposed redactions and thus agree that the order may be released publicly in its entirety.

WRM II solicitation process.  After filing the administrative record with the Court on December 8, 2015, counsel for the Government filed a motion to supplement and correct the administrative on December 24, 2015.  Plaintiff did not oppose this motion and on January 13, 2016, the Court granted the Government's motion to supplement the record. On January 15, 2016, DynCorp filed its own motion to supplement the administrative, or in the alternative, the Court's record, in this bid protest.

Standard of Review

Under 28 U.S.C. § 1491(b)(4), the standards set forth in the Administrative Procedure Act govern this Court's review of a protest involving an agency's procurement action.  Pursuant to those standards, this Court may set aside an agency's decision or action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2).  In its review of the agency's action or decision, the Court examines the administrative record of the procurement process to establish whether that record supports the action or decision.  Holloway & Co., PLLC v. United States, 87 Fed. Cl. 381, 389 (2009).  The Court can guard against converting the arbitrary and capricious standard to a *de novo* review by limiting its review to the record as it existed before the agency.

As the review of an agency's procurement decision should be limited to "the administrative record already in existence, not some new record made initially in the reviewing court," AshBritt, Inc. v. United States, 87 Fed. Cl. 344, 366, (2009) (quoting Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1380 (2009)), the parties' ability to supplement the administrative record is limited.  Murakami v. United States, 46 Fed. Cl. 731, 735 (2000).  However, although the Federal Circuit's holding in Axiom makes clear that supplementation of the administrative record should occur rarely, it is not prohibited and may be used when it is necessary for the Court to gain a complete understanding of the issues before it.  Bannum, Inc. v. United States, 89 Fed. Cl. 184, 188 (2002).  "In general, the Court will supplement the administrative record when it is necessary for a full and complete understanding of the issues."  Am. Ordnance LLC v. United States, 82 Fed. Cl. 199, 200 (2008).  Thus, supplementation of the record is appropriate where the "omission of extra-record evidence precludes effective judicial review."  AshBritt, 87 Fed. Cl. at 366.

Analysis

DynCorp asks the Court to supplement the administrative record with an expert report by Mr. Jimmy J. Jackson ("the Jackson report") and with declarations by three DynCorp officials, Mr. Robert Caldwell, Mr. Joe Fyffe, and Mr. Nick Wasylyshyn.  The Government does not oppose Plaintiff's request to admit the declarations of Mr. Caldwell and Mr. Fyffe into the record.  The Court finds that these declarations are proper supplements to the record as both declarations seek to fill the same gap in the record that the Government itself sought to fill with its own motion to supplement.  Accordingly, as to

Mr. Caldwell's and Mr. Fyffe's declarations, Plaintiff's motion to supplement the record is GRANTED.

DynCorp seeks to supplement the administrative record, or alternatively, the Court's record, with the Jackson report to address the alleged prejudice caused by the Air Force's disclosure of DynCorp's proprietary information to its competitors on the WRM III solicitation. Pl.'s Mot. at 2. DynCorp argues that supplementing the record with the Jackson report is necessary for the Court to fully understand how DynCorp was prejudiced by the Air Force's actions. Reply at 4. Specifically, DynCorp claims that the report explains "the nature of the proprietary data improperly released by the agency, how the disclosure has harmed and prejudiced [DynCorp], and why the USAF's attempted mitigation efforts have failed to remedy the irreparable harm already sustained by [DynCorp]." Pl.'s Mot. at 2. According to DynCorp, including this report is necessary for meaningful judicial review because it concerns the reasonableness of the agency's decision to continue with the WRM III procurement after the disclosure, a central issue in this bid protest that DynCorp argues is not adequately addressed in the administrative decision. Id. at 3.

The Air Force asserts that because the Jackson report was not proffered during the administrative proceedings, and because there is no gap in the record that the report seeks to fill, it is neither necessary nor appropriate for the Court to consider the report in deciding this bid protest. Resp. at 4-6. The Court disagrees. The Jackson report does not introduce extra-record facts, but instead includes calculations and explanations based on data in the contemporaneous record to aid the Court in better understanding the record. By including Mr. Jackson's report, DynCorp aims to clarify the Court's understanding of an important issue in the agency's decision, namely how the release of information will harm DynCorp in this and future procurements. Pl.'s Mot. at 3-4. Thus, the Court finds that Mr. Jackson's report is "necessary for meaningful judicial review" and should be added to the Court's record. See FirstLine Transp. Sec., Inc. v. United States, 116 Fed. Cl. 324, 327 (2014) (finding supplementation appropriate under Axiom where it would "allow the Court to understand the administrative record more completely").

Along with the Jackson report, the Air Force also opposes supplementing the administrative record with the declaration of Mr. Wasylyshyn, DynCorp's Vice President for Pricing. Mr. Wasylyshyn's declaration addresses the steps that DynCorp has taken to make itself more competitive in the current WRM III solicitation – steps that were taken to mitigate the harm caused by the release of the information at issue in this bid protest. Pl.'s Mot. at 6. The Government argues that Mr. Wasylyshyn's declaration would add information to the administrative record that could have been provided during the administrative proceedings. Resp. at 5-6. According to the Government, the Air Force fully and completely evaluated the harm caused to DynCorp in the WRM III procurement along with possible remedial actions to mitigate that harm and therefore the declaration is not necessary for effective review by this Court. Id. at 4-6. DynCorp asserts that the information in Mr. Wasylyshyn's declaration addresses the competitive harm to DynCorp

resulting from the release of information and thus is necessary for a "full and complete understanding of the issues." <u>Am. Ordnance</u>, 82 Fed. Cl. at 200.  Pl.'s Mot. at 6.  The Court agrees.   Mr. Wasylyshyn's declaration discusses the measures that DynCorp undertook to minimize the damage it claims was caused by the agency's actions in the WRM III solicitation.   This information is necessary to aid the Court in understanding whether the agency's decision to proceed with the procurement in light of the disclosure was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

Conclusion

For the reasons explained above, DynCorp's motion to supplement the administrative record with the Jackson report and the declarations by Mr. Caldwell, Mr. Fyffe, and Mr. Wasylyshyn is GRANTED.

IT IS SO ORDERED.

<u>s/ Thomas C. Wheeler</u>
THOMAS C. WHEELER
Judge